## IN THE SUPERIOR COURT OF GUAM

THE PEShanOPLE OF GUAM,                     )
                                            )   **CRIMINAL CASE NO. CM0332-11**
            vs.                             )
                                            )   **DECISION AND ORDER**
JUNIOR SIREN,                               )
                                            )
                Defendant.                  )
                                            )   **RUSH**
_____              )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to deny use of the statutory presumption contained at 16 GCA § 18103(a)(2), filed October 7, 2013. Oral arguments were heard on November 4, 2013. Assistant Attorney General Sean Brown appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving under the influence of alcohol based upon the following alleged events:

> On March 12, 2011 at 1:34 a.m., Guam Police Officer Ricardo J. Cardinas observed Defendant's vehicle dart across lanes of traffic and swerve multiple times. (Testimony of Ricardo J. Cardinas, Record Log at 4:33, Jan. 11, 2013.) Officer Cardinas conducted a traffic stop and approached Defendant at 1:37 a.m. *Id.* Officer Cardinas observed that Defendant had bloodshot and watery eyes, a flushed face, and smelled of alcohol. *Id.* Defendant affirmed that he drank a six-pack of beer and agreed to participate in standardized field sobriety tests. *Id.* Defendant failed the tests and was placed under arrest in handcuffs at 1:55 a.m. *Id.* Defendant thereafter executed a written waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), made statements and underwent breath testing. *Id.*

(Dec. & Order, 1, Jul. 30, 2013).

On October 7, 2013, Defendant moved to deny use of the statutory presumption described in 16 GCA § 18103(a)(2) because the presumption violates the due process right that every element of an offense be proved beyond a reasonable doubt. (Mot., 1, Oct. 7, 2013).

## DISCUSSION

### I. Statutory Presumption of the Safe Streets Act

Under Guam law, "[i]t is unlawful for any person, while having eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood to operate or be in physical control of a motor vehicle." 16 GCA § 18102(b) (2005).

Furthermore, in a criminal action arising out of acts alleged to have been committed by any person while driving or being in actual physical control of a vehicle while under the influence of an alcoholic beverage in violation of subsections (b) and (d) of §18102, the amount of alcohol in the person's blood at the time of the test as shown by an analysis of that person's blood or breath shall give rise to a presumption affecting the burden of proof. 16 GCA § 18103(a) (2005). The presumption is as follows:

> (2) If there was at that time eight one-hundredths of one percent (0.08%) or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense.

16 GCA § 18103(a)(2) (2005).

However, before the above presumptions are made, the prosecuting attorney must show the following by a preponderance of the evidence:

> (1) That the instrument used for the test was properly checked and in proper working order at the time of conducting the test;
> (2) That any chemicals employed in the test were of the correct kind and compounded in the proper proportions;
> (3) That the person had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen (15) minutes prior to taking the test;
> (4) That the test was given by a qualified operator and in the proper manner.

16 GCA § 18103(b)(1)-(4) (2005).

### II. Presumptions

The United States Supreme Court has articulated the role of presumptions in our legal system as follows:

> Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime-that is, an "ultimate" or "elemental" fact-from the existence of one or

more "evidentiary" or "basic" facts. The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently. Nonetheless, in criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.

*Cnty. Ct. of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224 (1979) (internal citations omitted).

In determining the constitutional validity of the presumption, the court must first interpret the language of the statute to determine whether the presumption is mandatory or permissive. *Gov't. of V.I. v. Parilla*, 7 F.3d 1097, 1103 (3d Cir. 1993). If the court finds the presumption is mandatory, the court shall next 1) examine the legislature's reasoning for the presumption; and 2) evaluate the rational connection between the proved and the presumed fact, and investigate the extent to which the basic and elemental facts coincide. *Id.*

### A. Type of Presumption

The Supreme Court of the United States has provided guidance in determining whether a presumption is permissive or mandatory. The entirely permissive inference or presumption "allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant." *Allen*, 442 U.S. at 157. In the review of a permissive presumption, the Supreme Court has required the challenging party to demonstrate the invalidity as applied to him. *Id.* "Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." *Id.*

In contrast, a mandatory presumption serves as a statutory command, which tells the trier of fact that it or they must find the elemental fact upon proof of the basic fact; *i.e.*, because one fact is proved, another must follow. *Id.*; *Parilla*, 7 F.3d at 1101. As a result, "the

government is spared the burden of having to adduce evidence of the presumed fact at every trial." *Parilla*, 7 F.3d at 1101 (*citing Leary v. United States*, 395 U.S. 6, 38, 89 S.Ct. 1532, 1549 (1969)). A mandatory presumption has been characterized as a far more troublesome evidentiary device compared to the permissive presumption because "it may affect not only the strength of the 'no reasonable doubt' burden but also the placement of that burden." *Allen*, 442 U.S. at 157 (citations omitted).

In a matter involving mandatory presumptions, the U.S. Supreme Court has conducted a facial examination to determine the extent to which the basic and elemental facts coincide. *Id.* at 158 (citations omitted). "To the extent that the trier of fact is forced to abide by the presumption, and may not reject it based on an independent evaluation of the particular facts presented by the State, the analysis of the presumption's constitutional validity is logically divorced from those facts and based on the presumption's accuracy in the run of cases." *Id.* at 159. Therefore, in analyzing the constitutional validity of a mandatory presumption, it is irrelevant that there is ample evidence in the record other than the presumption to support a conviction and a reviewing court must look to the language of the statute. *Id.* at 160 (citations omitted).

In this case, 16 GCA § 18103(b) provides that, if it is shown by a preponderance of the evidence by the prosecuting attorney that: 1) the instrument used for the test was properly checked and in proper working order at the time of conducting the test; 2) any chemicals employed in the test were of the correct kind and compounded in the proper proportions; 3) the person had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen (15) minutes prior to taking the test; 4) the test was given by a qualified operator and in the proper manner; and 5) at the time of the administration of the test, there was eight-one-hundredths of one percent (0.08%) by weight of alcohol in the person's blood, then it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense. 16 GCA § 18103(a)(2) (2005), 16 GCA § 18103(b)(1)-(4) (2005).

Applied to the facts of this case, the statutory language mandates the following presumption: if the instrument used for the test was properly checked and in proper working

order (basic fact), if any chemicals employed in the test were of the correct kind and compounded in the proper proportions (basic fact), if Defendant had nothing in his mouth at the time of the test and that had consumed no food or drink within fifteen (15) minutes prior to taking the test (basic fact), if the test was given by a qualified operator and in the proper manner (basic fact), and if at the time of the administration of the test there was eight one-hundredths of one percent (0.08%) by weight of alcohol in Defendant's blood, then it is presumed that Defendant was under the influence of an alcoholic beverage at the time of the alleged offense (elemental fact), and Defendant must be convicted of driving under the influence of alcohol. *See Parrilla*, 7 F.3d at 1103.

For this reason, the Court finds that this commanding language of 16 GCA §18103(a)(2) imposes a mandatory presumption. The statute's presumption creates an "inferential strength of guilt" through proof of the basic facts that shifts the burden of persuasion on the elemental fact onto Defendant. *Id.*

**B. Legislature's Determination Underlying the Presumption**

Finding the statutory presumption of 16 GCA § 18103(a)(2) to be mandatory, the Court will now examine the legislative history to assess the legislature's reasoning for the adoption of the presumption. "The process of making the determination of rationality is, by its nature, highly empirical, and in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it." *United States v. Gainey*, 380 U.S. 63, 67, 85 S.Ct. 754, 757 (1965). However, a court may reevaluate the legislature's determinations establishing presumptions after it has determined that "the legislative record does not apply an adequate basis upon which to judge the soundness of the ... presumption." *Parilla*, F.3d at 1102 (*quoting Leary*, 395 U.S. at 38).

The Court's review of the legislative record provides minimal assistance. 16 GCA § 18103(a)(2) is a provision of Tile 16, Chapter 18: Safe Streets Act, which was added by P.L. 22-20:2. The reports by the Committee on Judiciary and Criminal Justice regarding Bill 244 and

Substitute Bill 244, enacting chapter 18 to Title 16 of the Guam Code Annotated, fail to discuss the presumptions. *See* P.L. 22-20:2.

## C. Rational Connection Between the Basic and the Elemental Fact

The Court will next consider whether there is substantial certainty that the five basic facts are rationally linked to the elemental fact that Defendant was under the influence of an alcoholic beverage at the time of the alleged offense. "[A] criminal statutory presumption must be regarded as 'irrational' or 'arbitrary' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary*, 395 U.S. at 36. "Absent an express statutory provision or a consistent judicial interpretation establishing the rationality of the connection, the jury should not be directed to find a fact necessary for criminal conviction which has neither been proved nor is substantially certain and reasonably expected to flow from the facts which have been proved." *Parilla*, 7 F.3d at 1103.

In this case, the Court finds with substantial assurance that the elemental, or presumed, fact is more likely than not to flow from the basic, or proved, facts. The basic fact that, at the time of the test, eight one-hundredths of one percent (0.08%) or more by weight of alcohol was in the Defendant's blood is supported by the existence of other basic facts to create a rational connection to the elemental fact that Defendant was under the influence of an alcoholic beverage at the time of the alleged offense.[1] The other basic facts act as procedural safeguards to protect the rights of the Defendant, in that they are in place to ensure the blood alcohol test was properly administered. Also, the prosecuting attorney must show by a preponderance of evidence that the Defendant had consumed no food or drink within fifteen (15) minutes prior to taking the test. This further alleviates any question as to the validity of the blood test results.

---

[1] "Driving under the influence or while intoxicated" is defined, in relevant part, as "any person driving a vehicle under the influence of an alcoholic beverage or a controlled substance or a combination thereof...and includes any person who has eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood." 16 GCA § 18101(a) (2005).

The U.S. Supreme Court has found an insufficient rational connection when there were alternative possibilities that could have been drawn about the elemental fact from the basic fact. *See Tot v. United States*, 319 U.S. 463, 468, 63 S.Ct. 1241, 1245 (1943). Such a situation is not present here. Proof of eight one-hundredths of one percent (0.08%) or more by weight of alcohol in the Defendant's blood does not lead to other alternative possibilities that could be drawn about the presumed fact from the proven fact. Furthermore, "time-of-driving" laws like 16 GCA § 18103 have been adopted in numerous states and declared scientifically sound by the National Safety Council Committee on Alcohol and Other Drugs. *See* NATIONAL SAFETY COUNCIL COMMITTEE ON ALCOHOL AND OTHER DRUGS, ALCOHOL TECHNOLOGY, PHARMACOLOGY, AND TOXICOLOGY SUBCOMMITTEE REPORT 2 (2005). Thus the presumption did no more than "accord to the evidence, if unexplained, its natural probative force." *Gainey*, 380 U.S. at 71 (*quoting McNamara v. Henkel*, 226 U.S. 520, 525, 33 S.Ct. 146, 147 (1913)).

For all of these reasons, the Court finds that the presumption raised by 16 GCA § 18103(a)(2) is not an unconstitutional deprivation of due process.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to deny use of statutory presumption contained in 16 GCA § 18103(a)(2) is hereby DENIED.

SO ORDERED this ___17TH___ day of December, 2013.

HON. JAMES L. CANTO II
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam
DEC 17 2013

Enrique F. Aflague, Jr.
Deputy Clerk, Superior Court of Guam